**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CARL HEAD,**

    **Plaintiff,**

                                      **CASE NO.:  6:15-cv-00385-PGB-KRS**

v.

**CITY CAB COMPANY OF ORLANDO,
INC., a Florida corporation,**

    **Defendant.**

_____/

**<u>DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND TO QUASH DEFENDANT'S SUBPOENA
TO SPRINT FOR PLAINTIFF'S CELL PHONE RECORDS AND INCORPORATED
MEMORANDUM OF LAW</u>**

Pursuant to the October 23, 2015, Order of this Court, Defendant, **CITY CAB COMPANY OF ORLANDO, INC**. (City Cab or Defendant), files this supplement to its Response to Plaintiff's Motion for Protective Order and to Quash Defendant's Subpoena to Sprint for Plaintiff's Cell Phone Records.  Addressing the applicability of the Stored Communications Act (SCA or the Act) to the subpoena at issue (the Subpoena), the Defendant states as follows:

**Introduction**

The SCA does not preclude Sprint's response to the Subpoena for several reasons, and the Plaintiff's Motion, Doc. No. 28, should be denied.  First, Sprint's production of telephone records in response to a subpoena does not constitute a "voluntary disclosure" within the statute's plain language.  Allowing the SCA to protect plaintiffs from disclosing phone records subject to a valid subpoena distorts the legislative intent of the Act.  Second, the SCA does not

preclude Sprint's response because the Subpoena does not request the contents of the Plaintiff's communications, and mere subscriber information is not protected by the Act.  Third, the SCA does not preclude Sprint's response because the exceptions for release to intended recipient, recipient consent, and subscriber consent may apply.

Moreover, if the Plaintiff refuses to provide relevant phone records pursuant to the Subpoena or an order to consent, and this Court finds that City Cab cannot discover such evidence, then the Plaintiff's claim for unpaid overtime should be dismissed.  His refusal, in effect, to allow this discovery precludes the Defendant from determining the Plaintiff's actual hours worked, and therefore prejudices City Cab's defense and its efforts to reduce the Plaintiff's claim to actual damages, if any.  For all of these reasons, the Motion should be denied.

## Memorandum of Law

The SCA, with some important exceptions, prohibits "a person or entity providing an electronic communication service to the public" from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).  It also prohibits a "person or entity providing a remote computing service to the public" from "knowingly divulg[ing] to any person or entity the contents of any communication which is carried or maintained on that service." 18 U.S.C. § 2702(a)(2).  Thus, the SCA governs two types of entities: electronic communications services and remote computing services. *See id.*; 18 U.S.C. § 2702(a)(1); *Flagg v. City of Detroit*, 252 F.R.D. 346, 349 (E.D. Mich. 2008).  An "electronic communications service" (ECS) means "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).  A "remote computing service" (RCS) is defined as "the provision to the public of computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2).

2

The distinction between the two can be significant when determining which exceptions to the Act apply. *Flagg*, 252 F.R.D. at 349. Providers are excused from the SCA's disclosure prohibitions when certain users give "lawful consent." 18 U.S.C. § 2702(b)(3). For either provider, there is an exception where the "originator or an addressee or intended recipient of such communication" gives consent. *Id.* For RCS providers, "subscriber" consent also provides an exception. *Id.; see also Negro v. Superior Court*, 230 Cal. App. 4th 879, 888, 179 Cal. Rptr. 3d 215, 221 (2014), *as modified* (Nov. 18, 2014), *review denied* (Jan. 28, 2015). Courts are divided as to whether a cellular service provider constitutes an ECS or an RCS. *See id*. at 349 (classifying wireless text message service provider SkyTel as an RCS); *Mintz v. Mark Bartelstein & Associates*, Inc., 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) (classifying wireless communications provider AT&T as an ECS). In any event, the SCA does not prohibit Sprint's response to the Subpoena for the reasons set forth below.

**I.   Section 2702 Of The SCA Does Not Apply Because Sprint's Response To A Subpoena Does Not Constitute "Voluntary Disclosure Of Customer Communications Or Records," And Any Contrary Reading Distorts The Legislative Intent Of The Act.**

Section 2702 of SCA is not applicable because Sprint's response to the Subpoena would not be a voluntary disclosure. Section 2702 is titled "Voluntary Disclosure of Customer Communications or Records." 18 U.S.C. § 2702. While some courts have noted that Section 2702 does not specifically authorize covered entities to disclose communications pursuant to a subpoena, the starting point for all statutory interpretation is a plain language reading of the statute. *United States v. DBB, Inc*., 180 F.3d 1277, 1281 (11th Cir. 1999) (noting that all words used should be given their commonly understood meaning). The statutory text addresses only <u>voluntary</u> disclosures, which are not commonly understood to include a compelled response to something like a subpoena. *See Am. Airlines, Inc. v. In Charge Mktg., Inc.,* No. 2:10-CV-00467-

3

JES, 2012 WL 2116349, at *2 (M.D. Fla. June 11, 2012) (noting that the purpose of a subpoena duces tecum is to compel production of relevant documents or things). Because the plain language covers only voluntary disclosures, and does not prohibit discovering electronic communications via civil subpoena, any contrary reading distorts the Act and frustrates the legislative intent.

Moreover, as one court found, the SCA was not intended to replace existing standards of discoverability in civil litigation, and its text does not create a blanket prohibition against discovery of electronic communications:

> a sweeping prohibition against civil discovery of electronic communications…if accepted, would dramatically alter discovery practice, in a manner clearly not contemplated by the existing rules or law, by permitting a party to defeat the production of electronically stored information created by that party and still within its control—information that plainly is subject to civil discovery, *see* Fed.R.Civ.P. 34(a)(1)—through the simple expedient of storing it with a third party.

*Flagg*, 252 F.R.D. at 347. The court further noted that "nothing in the plain language of the SCA requires this extraordinary result." *Id.*

The facts in *Flagg* are revealing. The defendant city moved to preclude discovery of communications between certain officials and city employees via city-issued text messaging devices controlled by non-party service provider Skytel. *Id.* at 347. The court examined the SCA and the Federal Rules of Civil Procedure in concluding that the content of the requested text messages was discoverable. *Id.* at 349-67.[1] The court noted that this information would be discoverable under Rule 34 by direct subpoena served upon the defendant city, because the city still retained control over the text messages. *Id.* at 353; *see also* Fed. R. Civ. P. 34. The court

---

[1] For ease of resolution, and because the text messages would be discoverable via subpoena served directly upon the defendant, the court ordered the plaintiff to prepare such a subpoena, and to in turn forward the discovery request to SkyTel. *Id.* at 366.

reasoned that because under the SCA the city could permit disclosure with its consent, this constituted a "legal right to obtain" the text messages, which qualified as control. *Id.* at 354; *see also* 18 U.S.C. § 2702(b)(3). It followed then that the SCA did not create a blanket prohibition on the discovery of this information, which could be obtained by other means. Similarly here, the Plaintiff retains control over his stored communications because his consent would allow for their release. *See* 18 U.S.C. § 2702(b)(3). The SCA does not provide him with a means to prevent discovery of relevant information within his control, regardless of from whom City Cab obtains these records. Because a subpoena constitutes compelled and not voluntary disclosure, the SCA does not bar Sprint's response.

II. **The SCA Does Not Preclude Sprint's Response To The Subpoena Because The Subpoena Does Not Request The Content Of Stored Communications.**

The SCA does not preclude Sprint's response because City Cab does not request the Plaintiff's cellular communication content. Nationwide, there is scant case law applying Section 2702 of the SCA to civil subpoenas. However in 2012, the Central District of California considered a defendant's subpoena to AT&T for a plaintiff's telephone records under the SCA. *Mintz*, 885 F. Supp. 2d at 990. The court found that AT&T was properly classified as an ECS, and that although the SCA generally precluded AT&T from producing stored communications content, it was allowed to "divulge a record of other information" to anyone other than a governmental entity. *Id*. at 991-92. Reviewing the subpoena's text, the court held that the SCA would preclude AT&T's response to several specific requests for "<u>content</u> for all incoming and outgoing texts[.]" *Id.* at 993 (emphasis added). However, other requests that did not specifically identify "content" as requested were acceptable. *Id.* AT&T was permitted to respond with subscriber information, such as visiting location register entries, time, date, originating and

5

receiving telephone number, duration, cell site, and sector for incoming and outgoing calls. *See id.* at 992-93; *see also* 18 U.S.C. § 2702(c).

Unlike the subpoena in *Mintz*, City Cab's subpoena does not request the "content" of the Plaintiff's communications. City Cab has requested "[a]ny and all telephone records, billing statements, itemized call logs, and any other documents pertaining to telephone service." Sprint Subpoena at Exhibit A. City Cab envisioned that Sprint would produce only subscriber information, including call logs with information such as duration of calls, date, time, originating and receiving telephone numbers for calls and text messages, and billing statements. This information is discoverable under the SCA, and remains highly relevant to City Cab's defense. *See* 18 U.S.C. § 2072(c)(6); *Mintz*, 885 F. Supp. 2d at 993. The Plaintiff claims City Cab failed to pay him overtime compensation in violation of the Fair Labor Standards Act (FLSA). Pl.'s Am. Compl. and Demand for Jury Trial at ¶¶ 1-2, 58-67. Part of City Cab's defense is that the Plaintiff may not qualify for overtime based on his hours worked when time spent on personal calls or for his real estate business are deducted. *See* Def.'s Answer to Pl.'s Am. Compl. at ¶¶ 1, 58-59, 64. Because the Plaintiff's telephone records are highly relevant to this defense, and because City Cab does not seek communication content on the face of the Subpoena, the SCA does not preclude Sprint's response.

**III. The SCA Does Not Preclude Sprint's Response Because The Exceptions For Release To Intended Recipient, Recipient Consent, And Subscriber Consent May Apply.**

If this Court reads the Subpoena as requesting communication content, Sprint may still be able to produce such content because the exceptions for release to intended recipient, recipient

6

consent, and subscriber consent may apply.[2] First, any produced communications addressed to City Cab are readily discoverable under the SCA, because the Act provides an exception for disclosure to an intended recipient. *See* 18 U.S.C. § 2702(b)(1).

Second, regardless of whether Sprint is an ECS or RCS, any provider may disclose communication content with the "lawful consent of the originator or an addressee or intended recipient of such communication." 18 U.S.C. § 2702(b)(3). The statute does not define originator or intended recipient, but with respect to phone call or texts made or received the Plaintiff must be either the originator or the intended recipient. Therefore, Sprint may provide the contents of text messages or other communications with the Plaintiff's consent. In *Mintz*, the court noted that AT&T could not disclose the communication content unless it obtained the consent of "the originator or an addressee or intended recipient of such communication." *Id.* at 993 (quoting 18 U.S.C. § 2702(b)(3)). The court therefore alluded that either the requesting party or AT&T could obtain such consent. *Id.* at 993 (observing that the defendant had also not obtained such consent). To date, City Cab does not know the identities of the recipients who could give such consent. However, after an initial, limited review of the receiving telephone numbers on the Plaintiff's call/text logs, such consent could be obtained by City Cab or AT&T. Thus, even if the Subpoena is read as requesting content, the SCA does not preclude Sprint's response to the Subpoena.

Third, if this Court concludes that Sprint is an RCS under the Act, Sprint may release communications content with the Plaintiff's consent because the Plaintiff is a subscriber to

---

[2] As outlined above, although City Cab does not request communication content, the Subpoena does not expressly exclude content. City Cab expects to receive the subscriber information detailed above. However, if this Court reads the Subpoena as encompassing content of electronic communications, these exceptions may apply.

Sprint's services. *See* 18 U.S.C. §2702(b)(3) (subscriber may give consent in the case of an RCS). Although the Plaintiff objects to producing his phone records, this Court may compel the Plaintiff to give his consent. In *Flagg*, the court determined that that the defendant city was "both able and obligated to give its consent, as subscriber, to SkyTel's retrieval of text messages so that the City [could] comply with a Rule 34 request for their production," because a party is obliged under Rule 34 to produce documents within its control. *Flagg*, 252 F.R.D. at 363; Fed. R. Civ. P. 34. As previously stated, a litigant may retain control over documents where his consent would allow production. *See id.* at 354. Thus, reading the SCA and the Federal Rules of Civil Procedure together, this Court may compel the Plaintiff's consent to disclosure. *See* 18 U.S.C. § 2701 (b)(3); Fed. R. Civ. P. 34; *Flagg*, 252 F.R.D. at 363. Because the SCA exceptions for disclosure to intended recipient, recipient consent, and subscriber consent all may apply, the SCA does not preclude Sprint's response to the Subpoena.

**IV.** **If The Plaintiff Refuses To Provide Relevant Phone Records Pursuant To Direct Subpoena Or An Order To Consent, And City Cab Cannot Discover Such Evidence Via The Subpoena, Then The Plaintiff's Claim For Unpaid Overtime Should Be Dismissed.**

If this Court should find that the SCA bars discovery of the Plaintiff's phone records via the Subpoena, and the Plaintiff will not provide the records via direct subpoena or court order to consent, then this Court should dismiss the Plaintiff's claim for unpaid overtime. This is consistent with the Federal Rules of Procedure, which provide that dismissal may be appropriate where a plaintiff "fails to obey an order to provide or permit discovery, including an order under Rule 37(a)." Fed. R. Civ. P. R. 37; *see also Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 696 (D. Kan. 2008) aff'd sub nom. *Gross v. Gen. Motors LLC*, 441 F. App'x 562 (10th Cir. 2011) (dismissing plaintiff's ADA retaliation claim where plaintiff refused to consent to release of her medical records, which were "essential" to the defense and relevant to plaintiff's claim). The

8

trial court has discretion when imposing sanctions for a party's failure to co-operate in the discovery of relevant information when it puts facts at issue. *See Hache v. Damon Corp.,* No. 807CV1248T30EAJ, 2007 WL 4365658, at *1 (M.D. Fla. Dec. 13, 2007); *Gross*, 252 F.R.D. at 696 (plaintiff could not refuse to provide medical records when her disability was at issue due to ADA claim). Once a plaintiff puts facts at issue, he or she cannot refuse to co-operate in the discovery of information relevant in defending against his claim. *See Graham v. Witalec*, No. 5:10-CV-65-RS-GRJ, 2011 WL 1335808, at *1 (N.D. Fla. Apr. 7, 2011) (where a plaintiff puts her medical condition at issue, pertinent medical records become relevant and discoverable); *United States v. Certain Real Prop. known as & Located at 6469 Polo Pointe Way, Delray Beach*, Fla., 444 F. Supp. 2d 1258, 1265 (S.D. Fla. 2006) (where claimant placed his income at issue, equitable considerations required disclosure of tax returns). It is within a court's discretion to dismiss the plaintiff's claims in such instances. Fed. R. Civ. Pro. 37(b)(2).

Dismissal is appropriate where, as here, the Plaintiff has put his hours worked at issue and City Cab is prejudiced in preparing its defense. The SCA does not override the Plaintiff's obligation to produce relevant, non-privileged electronic communications within his possession, custody, or control. The phone records are clearly relevant in determining the Plaintiff's hours worked, which he has put at issue by claiming unpaid overtime. If the Defendant cannot obtain the phone records essential to its defense, this Court should exercise its discretion and dismiss the Plaintiff's FLSA claim.[3]

---

[3] If this Court were to find that the present wording of the Subpoena precludes Sprint's response, then the Subpoena should be amended to exclude communication content. As outlined above, Sprint may produce the subscriber information sought by City Cab in preparing its defense, including time, date, originating and receiving telephone number, duration, cell site, and sector for incoming and outgoing calls, as well as billing statements. *See Mintz*, 885 F. Supp. 2d at 992-93; *see also* 18 U.S.C. § 2702(c). City Cab should therefore be able to discover this information pursuant to a modified subpoena.

## Conclusion

Sprint is not precluded by the SCA from responding to the Subpoena and the Motion should be denied.

Respectfully submitted,

s/Kevin W. Shaughnessy
Kevin W. Shaughnessy, Esq.
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Meagan L. Martin, Esq.
Florida Bar No.: 0089657
E-Mail: mmartin@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Ste. 2300
Orlando, Florida 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

Martha A. Chapman, Esq.
**MARTHA A. CHAPMAN, P.A.**
1219 E. Livingston Street
Orlando, Florida 32803
E-Mail: marty@martychapmanlaw.net

s/Kevin W. Shaughnessy
Kevin W. Shaughnessy